UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LITIGATION TRUST OF THE RHODES COMPANIES, LLC, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> JAMES M. RHODES, *et al.*, <br><br> Defendants. | 2:12-cv-01272-MMD -VCF <br><br> **ORDER** <br><br><br> **(Joint Motion To Stay Discovery #10)** |

Before the court is defendants James M. Rhodes, Sagebrush Enterprises, Inc., Gypsum Resources, LLC, Truckee Springs Holdings, Inc., John C. Rhodes, John C. Rhodes, Trustee of the James M. Rhodes Dynasty Trust I, John C. Rhodes, Trustee of the James M. Rhodes Dynasty Trust II, Harmony Homes, Inc., North 5th, LLC, Farm Hualapai, LLC, Harmony 2, LLC, Hayden Springs Partners, LLC, Tropical Sands, LLC, and Rhodes Ranch, LLC's (hereinafter the "Rhodes Defendants") Joint Motion To Stay Discovery. (#10). Plaintiffs Litigation Trust Of The Rhodes Companies, LLC, *et al* (hereinafter "Litigation Trust") filed an Opposition (#12), and the Rhodes Defendants filed a Reply (#16).

**A.    Background**

On March 31, 2009, and on April 1, 2009, the Rhodes Homes Companies, LLC filed a voluntary case under Chapter 11 of title 11 of the United States Bankruptcy Code. (#4). On May 11, 2012, the Litigation Trust commenced an adversary proceeding in Bankruptcy Court by filing an original complaint asserting sixteen claims of relief against the defendants. *Id.*  On July 17, 2012, defendants

Sagebrush Enterprises, Inc., Harmony Homes, Inc., North 5th, LLC, Farm Hualapai, LLC, Harmony 2, LLC, Hayden Springs Partners, LLC, Tropical Sands, LLC, Rhodes Ranch, LLC, John C. Rhodes, John C. Rhodes, Trustee of the Dynasty Trust I, John C. Rhodes, Trustee of the Dynasty Trust II, Gypsum Resources, LLC, and Truckee Springs Holdings, Inc filed a joint motion for withdrawal of reference. (#1).

On July 26, 2012, Litigation Trust filed a notice of filing an opposition to the motion for withdrawal of reference (#4), attaching their opposition thereto (#4 Exhibit A). Defendants filed their reply in support of their motion for withdrawal of reference on July 30, 2012. (#5). Defendant James M. Rhodes filed a joinder to defendants' reply (#5) in support of their motion for withdrawal of reference. (#6). On August 1, 2012, Litigation Trust filed a motion for leave to file a limited sur-reply in further opposition to the motion for withdrawal of reference. (#7). On August 7, 2012, defendants filed an opposition to the motion for leave to file limited sur-reply. (#9). The motion for withdrawal of reference (#1) and the motion for leave to file a sur-reply (#7) are still pending before this court.

On August 8, 2012, the Rhodes Defendants filed the instant joint motion to stay discovery. (#10). The Rhodes Defendants also filed a motion to dismiss the complaint in Bankruptcy Court. *Id.* On August 9, 2012, the Rhodes Defendants filed an ERRATA to the joint motion to stay discovery, providing the court with the Bankruptcy Court case number and the Adversary case number which were inadvertently omitted from the joint motion to stay (#10). (#11). On August 17, 2012, Litigation Trust filed an opposition to the joint motion to stay discovery. (#12). On August 29, 2012, the Rhodes Defendants filed a reply in support of their motion to stay. (#16).

**B.     Arguments**

The Rhodes Defendants assert in their joint motion to stay discovery (#10) that the court should stay discovery in this matter pending the court's ruling on the motion for withdrawal of reference (#1). The Rhodes Defendants state that a "stay [of] all discovery and proceedings" is warranted because the

motion for withdrawal reference (#1) is a "jurisdictional-challenging motion that calls on the district court to determine: (1) which jurisdiction—federal district or federal bankruptcy—can properly make final determinations on each of the Litigation Trust's 16 claims for relief, and (2) which jurisdiction can properly hear pretrial proceedings on each of those claims." (#10).  Rhodes Defendants also assert that the stay will help accomplish the goals of Federal Rule of Civil Procedure 1, by ensuring that "the issues have been narrowed, unnecessary parties eliminated, and necessary parties added before discovery commences." *Id.*

The Litigation Trust argues that the motion for withdrawal "will have absolutely no bearing on anticipated discovery in this case," and that the "only issue that will be resolved by the [m]otion for [w]ithdrawal is whether the Bankruptcy Court or the District Court will oversee discovery." (#12).  The Litigation Trust asserts that the Rhodes Defendants even admit that regardless of whether the Bankruptcy Court or the District Court handles pre-trial matters, "the same procedural rules of discovery will apply..." *Id.*  The Litigation Trust also asserts that the motion to stay "should have been filed in the Bankruptcy Court where this adversary proceeding is still pending for the time being." *Id.*

In the Rhodes Defendants' reply, they assert that they filed the motion to stay in this court because they "(1) challenge the Litigation Trust's allegation that the bankruptcy court is authorized to adjudicate to finality the matters raised by the Litigation Trust's [c]omplaint; (2) challenge the Litigation Trust's position that the bankruptcy court is authorized to enter reports and recommendations for the district court on matters raised by the [c]omplaint; and (3) and are concerned, especially in light of the fact that the Litigation Trust agrees that the final decision in this case will be made by the district court, that the Litigation Trust was forum shopping when it initiated an adversary proceeding under a post-confirmation bankruptcy case rather than file its [c]omplaint in the district court.[1]" (#16).

. . .

---

[1] The Litigation Trust asserts that the Rhodes Defendants "possess an irrational paranoia that Judge Riegle is somehow biased, as evidence by their prior motion to recuse Judge Riegle and their personal attacks on Judge Riegle in their recent reply in further support of their motion to withdraw the reference." (#12).

### C. Relevant Law

Pursuant to Federal Rule of Bankruptcy Procedure 5011(c), "[t]he filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for a stay ordinarily shall be presented first to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or obtained from the bankruptcy judge. Relief granted by the district judge shall be on such terms and conditions as the judge deems proper."

Local Rule 5011(e) regarding motions for withdrawal of reference states that "[a]fter a docket is opened in District Court, documents pertaining to the matter under review must be filed with the District Court Clerk, but all documents relating to other matters in the bankruptcy case, adversary proceeding, or contested matter must continue to be filed with the Clerk of the Bankruptcy Court." The rules of civil procedure that govern discovery in actions before the District Court apply to adversary proceedings before the Bankruptcy Court. *See* Fed. R. Bankr. P. 7026 –7037 referring to Fed. R. Civ. P. 26–37.

### D. Discussion

Although a motion to stay pending resolution of a motion for withdrawal of reference is ordinarily presented to the bankruptcy judge, if a party files a motion to stay in this court, they must state "why it has not been presented to or obtained from the bankruptcy judge." *See* Fed. R. Bankr. P. 5011(c). The Rhodes Defendants assert that they filed the motion to stay before this court and not the Bankruptcy Court because they dispute whether the Bankruptcy Court is authorized to adjudicate to finality the matters raised by the Litigation Trust's complaint or to enter reports and recommendations for the district court on matters raised by the complaint, and are concerned, "especially in light of the fact that the Litigation Trust agrees that the final decision in this case will be made by the district court,

that the Litigation Trust was forum shopping when it initiated an adversary proceeding under a post-confirmation bankruptcy case rather than file its [c]omplaint in the district court." (#16).

The court finds that the foregoing reasons are not proper grounds under Fed. R. Bankr. P. 5011(c) for the motion to be presented to the District Court and not the Bankruptcy Court. Regardless of the Bankruptcy Court's ultimate authority to adjudicate matters to finality or to enter reports and recommendations on matters raised in the complaint, which are issues that the District Judge will determine in ruling on the motion for withdrawal (#1), the matter is currently pending before the Bankruptcy Court. The appropriate place to file motions relating to the adversary proceeding, at this stage, is the Bankruptcy Court. *See* LR 5011(e). The Bankruptcy Court is authorized and in a position to rule on the motion to stay (#10), as contemplated by Rule 5011(c).

The court also finds that a stay of discovery is not warranted, because discovery in this matter will be governed by the same rules regardless of whether the matter is eventually withdrawn from the Bankruptcy Court. *See* Fed. R. Bankr. P. 7026 –7037. This is not a situation where the movant is asserting that the pending motion will be dispositive of the entire case, and that the discovery will not be necessary once the motion is ruled on. As the rules governing the adversary proceeding presently before the bankruptcy court require the parties to commence discovery by conducting a Rule 26 conference, just as is required for proceedings in this court, and to proceed with discovery in the same manner, a stay would not in any way save time or resources or be more just, and would only cause delay. *See* Fed. R. Bankr. P. 7026 –7037 referring to Fed. R. Civ. P. 26–37; Fed. R. Civ. P. 1. The Bankruptcy Court Judge is fully capable of administering the proceedings and overseeing discovery until the District Judge rules on the motion to withdrawal reference (#1).

. . .

. . .

. . .

Accordingly and for good cause shown,

IT IS ORDERED that the Rhodes Defendants' Joint Motion To Stay Discovery (#10) is DENIED without prejudice with leave to file the motion to stay in Bankruptcy Court.

DATED this 5th day of September, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE