| | |
|---|---|
| THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC, ET AL., <br><br>                Plaintiff, <br>v. <br><br>JAMES M. RHODES, SEDORA HOLDINGS, LLC, SAGEBRUSH ENTERPRISES, INC., GYPSUM RESOURCES, LLC, TRUCKEE SPRINGS HOLDINGS, INC., JOHN C. RHODES, JOHN C. RHODES, TRUSTEE OF THE JAMES M. RHODES DYNASTY TRUST I, JOHN C. RHODES, TRUSTEE OF THE JAMES M. RHODES DYNASTY TRUST II, HARMONY HOMES, INC., NORTH 5, LLC, FARM HUALAPAI, LLC, HARMONY 2, LLC, HAYDEN SPRINGS PARTNERS, LLC, TROPICAL SANDS, LLC, AND RHODES RANCH, LLC, <br><br>                Defendants. | Bankruptcy Case No.: 09-14814-LBR <br>Adversary Proceeding No. 12-01099 <br>District Case No.: 2:12-cv-01272-MMD <br><br>Chapter 11 <br><br>**Stipulated Protective Order Regarding Documents Produced by Highland Capital Managements Pursuant to FRCP 45 Subpoena Duces Tecum** |

WHEREAS, Defendants have subpoenaed Highland Capital Management ("Highland") to produce certain documents;

WHEREAS, Highland regards these documents and the information contained therein as containing or constituting confidential information; and

WHEREAS, Highland, the plaintiff, and defendants, excluding Sedora Holdings, LLC, which is a dissolved Delaware entity that remains unrepresented in the above-captioned adversary proceeding, who have executed this stipulation (the "Specified Parties"), have agreed to protect Highland's claim to the confidentiality of said documents and information.

NOW, THEREFORE, IT IS STIPULATED AND AGREED AS FOLLOWS:

1.      Except as hereinafter provided, the undersigned counsel agree that the documents produced by Highland in this action and the information contained therein (collectively, "Confidential

Information") shall be held confidential if so designated by Highland.  The Confidential Information shall be used only for purposes necessary to the litigation of claims between and among the Specified Parties in this action ("Permitted Purpose"), and not for any business or other purpose.

2. Documents that Highland deems to be confidential shall be so designated by clearly marking "CONFIDENTIAL" on each page thereof, or the first page of a multi-page document, or by providing a separate written notice to plaintiff's and defendants' counsel designating documents as confidential.

3. Except with the prior written consent of Highland, the Confidential Information may not be disclosed to any person other than:

(a) Counsel retained or employed by a Specified Party to the extent necessary for the Permitted Purpose;

(b) Any officer or employee of a Specified Party to the extent necessary for the Permitted Purpose;

(c) Expert witnesses or consultants retained by counsel for the Specified Parties, but only to the extent necessary for the Permitted Purpose;

(d) Any court reporter or typist rendering services for recording or transcribing of testimony in this action or any outside independent reproduction firm rendering reproduction services in this action; and

(e) The court.

4. Prior to the receipt of Confidential Information, all persons to whom Confidential Information is disclosed shall acknowledge, by signing a copy of the attached non-disclosure certificate, that they have read this Stipulation and Order and agree to be bound by its terms.

5. This Stipulation and Order does not affect the rights of Highland with respect to the Highland documents.  The production of Highland documents shall not constitute an admission by Highland, nor waive Highland's rights, with respect to the propriety of their disclosure or their relevance.  Nothing in this Stipulation and Order shall be construed as precluding Highland from objecting to any use of protected materials.

6. A person receiving the Confidential Information shall provide said Confidential Information only to persons to whom disclosure of the Confidential Information is authorized by this Stipulation and Order and only for the purposes authorized herein.

7. In the event it becomes necessary to show any Highland documents, or divulge information contained therein, to a witness at a deposition who is not described in paragraph 3 above, the Confidential Information shall be disclosed to that witness only after the witness acknowledges, by signing a copy of the attached non-disclosure certificate, that the witness has read this Stipulation and Order and agrees to be bound by its terms. That portion of any deposition transcript, including attached exhibits, or other discovery, and that portion of any papers served or filed with the Court, including attached exhibits, which disclose, pertain to, refer to, or incorporate Confidential Information shall be treated according to the terms of this Stipulation and Order and shall be deemed to be Confidential Information.

8. Should any third party seek access to the Confidential Information, by request, subpoena or otherwise, the Specified Parties or other recipient of the Confidential Information, as applicable, shall promptly notify Highland, and shall cooperate to the extent allowable by law with Highland in resisting any efforts by third parties to obtain Confidential Information from the Specified Parties or other person.

9. Any Party may object to any designation as Confidential Information at any time by giving written notice (including by e-mail) to counsel for the designating Party. Such written notice shall identify the Confidential Information to which the objection is directed and contain a statement of the specific reasons for the objection.

10. If the objecting Party and designating Party are unable to resolve their differences within fourteen (14) calendar days after the designating Party's receipt of the notice (or such later time as the Parties may agree), the designating Party may file an appropriate application or motion with the Court requesting that the designated Confidential Information be treated as confidential. The designating Party shall have the burden of proving pursuant to Fed. R. Civ. P. 26(c) that the Confidential Information should be treated as confidential. During the pendency of any such

application or motion, the Parties shall continue to treat the documents at issue as confidential under this Protective Order.

11. However, if no such application or motion is filed within twenty-one (21) days after the receipt of the written notice of objection (or such later time as the Parties may agree), the documents at issue shall no longer be treated as Confidential Information under this Protective Order.

12. The provisions of this stipulation and order survive the conclusion of this litigation and of the Court's jurisdiction.

Michael Yoder, Esq.
**Diamond McCarthy, LLP**
6855 S. Havana Street, Suite 220
Denver, Colorado 80112
*Counsel for The Litigation Trust of the Rhodes Companies, LLC*

Scott Ellington, Esq.
**Highland Capital Management, L.P.**
300 Crescent Court, Suite 700
Dallas, Texas 75201
*General Counsel, Highland Capital Management, L.P.*

William L. Coulthard, Esq.
**Kemp, Jones & Coulthard, LLP**
3800 Howard Hughes Parkway, 17th floor
Las Vegas, Nevada 89169
*Counsel for James M. Rhodes; Sagebrush Enterprises, Inc.; Harmony Homes, Inc.; North 5th LLC; Farm Hualapai, LLC; Harmony 2, LLC; Hayden Springs Partners, LLC; Tropical Sands, LLC; and Rhodes Ranch, LLC*

W. Owen Nitz, Esq.
**Nitz, Walton & Heaton, Ltd.**
601 S. 10th Street, Ste. 201
Las Vegas, Nevada 89101
*Counsel for John C. Rhodes, individual; John C. Rhodes, Trustee of the James M. Rhodes Dynasty Trust I; John C. Rhodes, Trustee of the James M. Rhodes Dynasty Trust II; Gypsum Resources, LLC; and Truckee Springs Holding, Inc.*

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE

DATED:_____

application or motion, the Parties shall continue to treat the documents at issue as confidential under this Protective Order.

11. However, if no such application or motion is filed within twenty-one (21) days after the receipt of the written notice of objection (or such later time as the Parties may agree), the documents at issue shall no longer be treated as Confidential Information under this Protective Order.

12. The provisions of this stipulation and order survive the conclusion of this litigation and of the Court's jurisdiction.

| | |
|---|---|
| _/s/ Michael Yoder_ | _/s/_ |
| Michael Yoder, Esq. | Scott Ellington, Esq. |
| **Diamond McCarthy, LLP** | **Highland Capital Management, L.P.** |
| 6855 S. Havana Street, Suite 220 | 300 Crescent Court, Suite 700 |
| Denver, Colorado 80112 | Dallas, Texas 75201 |
| _Counsel for The Litigation Trust of the Rhodes Companies, LLC_ | _General Counsel for Highland Capital Management, L.P._ |
| | |
| _/s/ William Coulthard_ | _/s/ Owen Nitz_ |
| William L. Coulthard, Esq. | W. Owen Nitz, Esq. |
| **Kemp, Jones & Coulthard, LLP** | **Nitz, Walton & Heaton, Ltd.** |
| 3800 Howard Hughes Parkway, 17th floor | 601 S. 10th Street, Ste. 201 |
| Las Vegas, Nevada 89169 | Las Vegas, Nevada 89101 |
| _Counsel for James M. Rhodes; Sagebrush Enterprises, Inc.; Harmony Homes, Inc.; North 5th LLC; Farm Hualapai, LLC; Harmony 2, LLC; Hayden Springs Partners, LLC; Tropical Sands, LLC; and Rhodes Ranch, LLC_ | _Counsel for John C. Rhodes, individual; John C. Rhodes, Trustee of the James M. Rhodes Dynasty Trust I; John C. Rhodes, Trustee of the James M. Rhodes Dynasty Trust II; Gypsum Resources, LLC; and Truckee Springs Holding, Inc._ |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 26, 2015

|  |  |
|---|---|
| THE LITIGATION TRUST OF THE RHODES COMPANIES, LLC, ET AL.,<br><br>     Plaintiff,<br>v.<br><br>JAMES M. RHODES, SEDORA HOLDINGS, LLC, SAGEBRUSH ENTERPRISES, INC., GYPSUM RESOURCES, LLC, TRUCKEE SPRINGS HOLDINGS, INC., JOHN C. RHODES, JOHN C. RHODES, TRUSTEE OF THE JAMES M. RHODES DYNASTY TRUST I, JOHN C. RHODES, TRUSTEE OF THE JAMES M. RHODES DYNASTY TRUST II, HARMONY HOMES, INC., NORTH 5, LLC, FARM HUALAPAI, LLC, HARMONY 2, LLC, HAYDEN SPRINGS PARTNERS, LLC, TROPICAL SANDS, LLC, AND RHODES RANCH, LLC,<br><br>     Defendants. | Bankruptcy Case No.: 09-14814-LBR<br>Adversary Proceeding No. 12-01099<br>District Case No.: 2:12-cv-01272-MMD<br><br>Chapter 11 |

## NON-DISCLOSURE CERTIFICATE

   I certify my understanding that access to confidential materials is provided to me pursuant to the terms and restrictions of a Confidentiality Stipulation and Order among the parties to this action and Highland Capital Management, dated _____, 2015, and that I have been given a copy of, and have read, the Stipulation and Order and agree to be bound by its terms.  I understand that the contents of the confidential materials, and any notes or other memoranda or any other forms of information which copy or disclose confidential materials, shall not be disclosed to anyone other than in accordance with that Stipulation and Order and shall be used only for the purposes set forth therein.

/ / /

/ / /

/ / /

/ / /

      I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Stipulation and Order.

By:_____

Title:_____

Representing:_____

Date:_____

_____